ARMED SERVICES BOARD OF CONTRACT APPEALS

| | | |
|---|---|---|
| Appeals of -- | ) | |
| | ) | |
| Integrity Management Services, Inc. | ) | ASBCA Nos. 58214, 58215 |
| | ) | 58216, 59231 |
| Under Contracts Nos. DAHA70-02-D-0001 | ) | |
| W912LR-05-D-0001 | ) | |

APPEARANCE FOR THE APPELLANT:     Ms. Desia A. Ritson
    President

APPEARANCES FOR THE GOVERNMENT:     Raymond M. Saunders, Esq.
    Army Chief Trial Attorney
    MAJ Samuel E. Gregory, JA
    Trial Attorney

## OPINION BY ADMINISTRATIVE JUDGE YOUNGER
## ON THE GOVERNMENT'S MOTION TO DISMISS AND APPELLANT'S
## MOTION FOR SUMMARY JUDGMENT

In these appeals under two dining services contracts, the parties entered into a settlement agreement following a judge-facilitated Alternative Dispute Resolution proceeding. The settlement agreement provided that the Puerto Rico National Guard (government) would pay appellant Integrity Management Services, Inc., (Integrity) a sum of money, but the Internal Revenue Service (IRS) levied on the settlement proceeds. In the first three appeals – ASBCA Nos. 58214, 58215, and 58216 – Integrity now seeks to have the settlement agreement voided, and to proceed with the appeals. In the fourth appeal – ASBCA No. 59231 – Integrity moves for summary judgment on its claim. The government moves to dismiss all four appeals on the ground that all issues were resolved in the settlement agreement. We grant the government's motion and dismiss all four appeals and deny Integrity's motion for summary judgment in ASBCA No. 59231.

## STATEMENT OF FACTS FOR PURPOSES OF THE MOTIONS

A.    *Contracts and Claims*

1. Effective 17 October 2001, the United States Property and Fiscal Officer for Puerto Rico (USPFO) awarded Integrity Contract No. DAHA70-02-D-0001 (the first contract) to provide full time dining operations at Fort Allen, Juana Diaz, Puerto Rico (R4, tab 1 at 1-2 of 19).

2. Effective 28 March 2005, the USPFO awarded Integrity Contract No. W912LR-05-D-0001 (the second contract) as an Indefinite Quantity/Indefinite Delivery contract "to provide food service for the Puerto Rico National Guard and Regional Training Institute trainees," serving breakfast, lunch and dinner (R4, tab 13 at 1, 6 of 55).

3. Performance of both contracts gave rise to disputes between the parties. By date of 22 March 2010, Integrity submitted a claim and the contracting officer ultimately rendered a final decision dated 11 April 2012 (ASBCA No. 58214, compl. and answer ¶¶ 4, 7). Integrity thereafter filed an appeal, which we docketed as ASBCA No. 58214.

4. By date of 2 June 2006, Integrity submitted a claim under the second contract, on which claim the contracting officer rendered a final decision dated 11 April 2012 (ASBCA No. 58215, compl. and answer ¶¶ 13, 14). Integrity thereafter filed an appeal, which we docketed as ASBCA No. 58215. In addition, by final decision dated 12 June 2012, the contracting officer asserted a claim against Integrity under the second contract, on which claim Integrity filed an appeal, which we docketed as ASBCA No. 58216 (ASBCA No. 58216, compl. and answer ¶ 10).

B.    *Settlement*

5. By date of 2 March 2014, the parties entered into an "AGREEMENT TO UTILIZE THE PROCEDURE OF MEDIATION WITH BINDING DECISION UNDER THE ASBCA'S 'NOTICE REGARDING ALTERNATIVE METHODS OF DISPUTE RESOLUTION'" to resolve their disputes in ASBCA Nos. 58214, 58215 and 58216 through mediation (Government's Motion to Dismiss (gov't mot.), ex. A at 1-4). The mediation was held at San Juan, Puerto Rico, on 3-5 March 2014, facilitated by a settlement judge appointed by the Board. During the course of the mediation, the parties agreed between themselves, and with the settlement judge, to broaden the scope of the mediation to include a then-pending claim, which they later described in their settlement agreement as one "for wages associated with wage determinations under Contract No. W912LR-05-D-0001 in the approximate amount of $1,392,820.04" (the fourth claim) (gov't mot., ex. B at 2).

6. The parties achieved a settlement in ASBCA Nos. 58214, 58215 and 58216, as well as in the fourth claim. On or about 5 March 2014, they executed a settlement agreement. (Gov't mot., ex. B at 1-8; *see also* ex. C at 1)

7. Under the settlement agreement, the government in paragraph 1 "agree[d] to pay the Contractor $150,000," with no costs, attorney fees, interest, or other amounts, to settle ASBCA Nos. 58214, 58215 and 58216, as well as the fourth claim (gov't mot., ex. B at 3). In return, the settlement agreement provided that Integrity "consent[ed] to dismissal with prejudice of ASBCA Nos. 58214, 58215 and 58216."

Integrity also agreed "not to further pursue any other matters in connection with Contract Nos. DAHA70-02-D-0001 and W912LR-05-D-0001, generally, and, specifically, those matters addressed within the fourth claim." (*Id.*) In return, the government agreed to release Integrity "to the extent permitted by law" from further liability regarding ASBCA Nos. 58214, 58215 and 58216 and the fourth claim (*id.* at 5).

8. In paragraph 4 of the settlement agreement, the parties agreed to the following release:

> This Settlement Agreement constitutes **A FULL RELEASE AND ACCORD AND SATISFACTION** by the Contractor of any and all claims, demands, or causes of action, actual or perceived, known or unknown, arising under or related to the claims which formed the basis for ASBCA Nos. 58214, 58215 and 58216, the wage determination claim submitted to the Contracting Officer under Contract No. W912LR-05-D-0001, i.e., the fourth claim, and any other matters, claims, assertions or requests in any way related to either Contract No. DAHA70-02-D-0001 or Contract No. W912LR-05-D-0001. The Contractor remises, releases, and discharges the Government, its officers, agents, and employees of and from all civil liabilities, obligations, claims, appeals and demands which it now has or hereafter may have, whether known or unknown, administrative or judicial, legal or equitable...arising under or in any way related to the disputes which formed the basis of ASBCA Nos. 58214, 58215 and 58216, the wage determination claim submitted to the Contracting Officer under Contract No. W912LR-05-D-0001, i.e, the fourth claim, and any other matters, claims, assertions or requests in any way related to either Contract No. DAHA70-02-D-0001 or Contract No. W912LR-05-D-0001.

(Gov't mot., ex. B at 3-4) (capitalization and underscoring in original)

9. In paragraph 7 of the settlement agreement, the parties agreed to the following reservation:

> Notwithstanding any terms of this Settlement Agreement, specifically reserved and excluded from the scope and terms of this Settlement Agreement as to any entity or person (including the Contractor) are any liability outside the scope of the Contracting Officer's

3

authority to release[,] including[:] (a) any civil, criminal, or administrative liability arising under Title 26, U.S. Code (Internal Revenue Code);...[and] (e) any demand by the federal government, including but not limited to...the Internal Revenue Service (IRS);....

(Gov't mot., ex. B at 5)

C. *Tax Liabilities*

10. The record reflects that, on 26 August 2010, the IRS had served a Notice of Levy upon the USPFO attaching "property, rights to property, money, credit, and bank deposits" then in the USPFO's possession to satisfy Integrity's asserted tax liability to the United States aggregating $234,198.45 (R4, tab 48 at 1). The record also reflects that, by date of 15 October 2010, the IRS served a Final Demand for Payment (Form 668-C) on the USPFO for $234,198.45, "or for any smaller amount you owed [Integrity] when the notice of levy was served" (*id.*). Because of the Notice of Levy and Final Demand for Payment, the USPFO notified the IRS of the contemplated payment of settlement proceeds to Integrity (*see* statement 7) (gov't mot., ex. D at 1).

11. The record further reflects that, by date of 20 March 2014, the IRS issued a new Notice of Levy (Form 668-A(ICS)) against Integrity in the amount of $329,900.44 (gov't mot., ex. E at 4). On 21 March 2014, government counsel notified Integrity about the levy (*id.*, ex. F at 1).

12. On or about 27 March 2014, the government issued a check for the $150,000 settlement proceeds to the IRS for application to Integrity's tax liabilities (*see* Bd. corr. ltr. dtd 1 April 2014 from Waleska Nazario to government counsel). We find no evidence in the record that any government employee acted in bad faith in applying these proceeds to Integrity's tax liabilities.

D. *Fourth Claim*

13. On 24 March 2014, Integrity filed a notice of appeal from the deemed denial of the fourth claim. We docketed that appeal as ASBCA No. 59231. In its complaint, Integrity seeks payment of $625,573.10 for the alleged costs associated with wage determination increases. (ASBCA No. 59231, compl. at 9)

4

<u>DECISION</u>

A.    *Contentions of the Parties*

In its motion to dismiss, the government advances two main propositions regarding ASBCA Nos. 58214, 58215 and 58216. First, the government contends that Integrity has not established that the contracting officer acted in bad faith in notifying the IRS of the impending payment of the settlement amount to Integrity. (Gov't mot. at 4-5) Second, the government asserts that Integrity has failed to establish the invalidity of the levy against the settlement proceeds (*id.* at 7).

Integrity advances separate arguments with respect to ASBCA Nos. 58214, 58215, and 58216, on the one hand, and ASBCA No. 59231, on the other hand. With respect to the government's motion to dismiss in ASBCA Nos. 58214, 58215, and 58216, Integrity focuses on the process for collection of Federal tax liabilities. Integrity dwells on the System for Award Management (SAM), which is said to be "integrated with the IRS Federal Payment Levy Program (FPLP)" (Appellant's Combined Motion in Opposition to Government's Motion to Dismiss and Appellant's Motion for Summary Judgment (app. opp'n) at 3). Integrity tells us that the contracting officer bypassed both SAM and the FPLP, and "handed an IRS revenue agent a hard copy check without going through the [automated processes of the] SAM, the FPLP, or providing Appellant with the opportunity to discuss and or appeal any potential decision to hand over the check" (app. opp'n at 6). As a result, Integrity asserts, it "has not received payment of $150,000 in accordance with the settlement agreement" (*id.*). In addition to these contentions, Integrity alleges that the contracting officer exhibited "vindictive malice, bad attitude, [and] aforethought actions...to willfully destroy the settlement agreement" (gov't mot., ex. G at 2).

In separately moving for summary judgment in ASBCA No. 59231, Integrity asserts that trying the issue of its entitlement to its claim for the increased cost of wage increases and health and welfare benefits "would place an unnecessary burden on both the Appellant and the Board" (app. opp'n at 9). Integrity accordingly urges that we "instruct the Government to direct its attention to the issue of quantum and resolution of the outstanding costs" (*id.*).

B.    *ASBCA Nos. 58214, 58215 and 58216*

We grant the government's motion to dismiss ASBCA Nos. 58214, 58215 and 58216. We arrive at this disposition for two principal reasons.

*First*, we lack jurisdiction over Integrity's core argument, which is a challenge to the legality of the enforcement actions regarding its Federal tax liabilities. In *Centurion Electronics Service*, ASBCA No. 51956, 03-1 BCA ¶ 32,097 at 158,660,

5

*recon. denied*, 03-2 BCA ¶ 32,262, *aff'd*, *Drew v. Brownlee*, 95 F. App'x 978 (Fed. Cir. 2004) (unpublished), we held that "[w]e have no jurisdiction concerning the intra-Government transfers of the funds from the Army to...IRS and express no opinion on the resolution of the matter *vis-a-vis*" the IRS. Similarly, in *Habitech, Inc.*, ASBCA No. 27492 *et al.*, 86-2 BCA ¶ 18,921 at 95,416, the contracting officer honored an IRS levy and paid settlement proceeds that were subject to a judgment lien to the IRS. We said that "[t]he issue now before the Board is one concerning the rights of the parties under the internal revenue laws and this Board has no jurisdiction to determine that issue." *See also Joan G. Morningstar et al.*, ASBCA No. 41820 *et al.*, 93-2 BCA ¶ 25,576 at 127,366 ("see[ing] no reason for revisiting" the *Habitech* rule).

Given our lack of jurisdiction regarding enforcement of Federal tax liabilities, we decline Integrity's invitations to determine, for example, that the contracting officer "handed an IRS revenue agent a hard copy check without going through the [automated processes of the] SAM, the FPLP, or providing Appellant with the opportunity to discuss and or appeal any potential decision" to do so (app. opp'n at 6). These issues are committed to other tribunals. Moreover, even if we had jurisdiction over tax enforcement, the settlement agreement "specifically reserve[s] and exclude[s] from [its] scope and terms" both tax liabilities and demands by the IRS (statement 9).

*Second*, the record furnishes no support for Integrity's other principal argument, which is that the settlement agreement should be deemed void. Integrity's position rests principally upon assertions that the contracting officer of USPFO acted in bad faith in tendering the check for the settlement proceeds to an IRS revenue agent (*e.g.*, app. opp'n at 6). Integrity must adduce "clear and convincing...proof...to overcome the presumption [that this] official acted...in good faith." *Am-Pro Protective Agency, Inc. v. United States*, 281 F.3d 1234, 1243 (Fed. Cir. 2002); *Genome-Communications*, ASBCA Nos. 57267, 57285, 11-1 BCA ¶ 34,699 at 170,889. As we have found, there is no evidence of bad faith (statement 12). The undertaking in paragraph 1 of the settlement agreement whereby the government "agree[d] to pay the Contractor $150,000" (statement 7) must be read in light of the broad reservation in paragraph 7 specifically excluding any tax liability and any demand by the IRS (statement 9).

C.    *ASBCA No. 59231*

We grant the government's motion to dismiss ASBCA No. 59231 and deny Integrity's cross-motion for summary judgment. We have already rejected Integrity's argument that the settlement agreement is void. The fourth claim is on its face subject to the "**FULL RELEASE AND ACCORD AND SATISFACTION**" (statement 8) provision in paragraph 4 of the settlement agreement, and the fourth claim is the subject of ASBCA No. 59321 (statements 5, 13).

6

The provisions of the settlement agreement preclude further prosecution of this appeal. As indicated, neither of Integrity's two bases for voiding the settlement agreement warrant setting it aside. Hence, we give it effect.

Under the terms of the release in paragraph 4, Integrity gave up all claims "arising under or related to the claims which formed the basis for ASBCA Nos. 58214, 58215 and 58216 [as well as] the fourth claim, and any other matters, claims, assertions or requests in any way related to either" the first or second contracts (statement 8). In addition, Integrity released the government from present and future "claims [and] appeals...arising under or in any way related to the disputes which formed the basis of" these four appeals (*id.*). Giving effect to the plain meaning of these sweeping terms, we can only conclude that the parties intended to, and did, preclude further litigation of the matters at issue in these four appeals, including ASBCA No. 59231.

## CONCLUSION

The government's motion to dismiss ASBCA Nos. 58214, 58215, 58216, and 59231 is granted. Integrity's cross-motion for summary judgment in ASBCA No. 59231 is denied.

Dated: 1 August 2014

ALEXANDER YOUNGER
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

CHERYL L. SCOTT
Administrative Judge
Acting Vice Chairman
Armed Services Board
of Contract Appeals

7

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA Nos. 58214, 58215, 58216, 59231, Appeals of Integrity Management Services, Inc., rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

8